# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TERRY BOWER | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RAILWORKS TRACK SYSTEM, INC. and RAILWORKS TRACK SERVICES, INC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Terry Bower, files this Complaint against his former employer, Defendants, Railworks Track System, Inc. and Railworks Track Services, Inc. (collectively, "Railworks"), for unpaid overtime wages in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### I.  Parties, Jurisdiction, and Venue

1.

Plaintiff is a citizen and resident of the State of Illinois and may be served through the undersigned counsel.

2.

Defendant, Railworks Track Services, Inc., is an Indiana corporation that is authorized and registered to transact business in the State of Georgia. Railworks

Track Services, Inc. may be served through its registered agent, Corporation Service Company.

3.

Defendant, Railworks Track System, Inc., is an Indiana corporation that is authorized and registered to transact business in the State of Georgia. Railworks Track System, Inc. may be served though its registered agent, Prentice Hall Corporation.

4.

The claims contained in this suit arise under federal law and present federal questions; therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5.

This Court has personal jurisdiction over Defendants because they are authorized and registered to do business in this State.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendants' registered addresses are in Gwinnett County, which is in this Court's Atlanta division.

## II.     Factual Allegations

7.

Defendants build and maintain rail and transit lines throughout North America.

8.

Plaintiff began working for Defendants in or around 1998 as a heavy machine operator.

9.

Over the course of his employment, Plaintiff worked in locations around the country.

10.

Over the course of his employment, Plaintiff regularly worked in excess of fifty hours per week and routinely worked up to ninety hours per week.

11.

Despite the hours that he worked, Defendants never compensated Plaintiff for his overtime hours.

12.

Plaintiff's supervisor expressly instructed him to never report working more than forty hours in a week because Plaintiff was "on a salary."

13.

Plaintiff was a non-exempt employee under the FLSA.

14.

Defendants refused to compensate Plaintiff because Defendants believed that "salaried" machine operators were exempt from overtime.

15.

From January 2014 until the present, Plaintiff's hourly salary, based on a forty-hour workweek, was between $45.67/hour and $51.92/hour.

16.

On at least one occasion, Defendants instructed Plaintiff that, because he was a "salaried employee," he was required to work at least fifty five hours per week.

17.

During his tenure, Plaintiff was never paid any overtime compensation.

18.

In or around November 2016, Defendants informed Plaintiff that his position was being eliminated.

19.

Plaintiff's primary (and nearly exclusive) task with Defendants was operating heavy machinery involved in the construction and maintenance of rail lines.

20.

To the best of his knowledge, all of Plaintiff's colleagues were compensated for overtime hours.

21.

Defendants are employers subject to the Fair Labor Standards Act.

22.

Defendants' annual revenues (collectively and separately) exceed $500,000.00 per year.

## **COUNT ONE: UNPAID OVERTIME IN VIOLATION OF FAIR LABOR STANDARDS ACT**

23.

Plaintiff hereby incorporates by reference Paragraphs 1 through 22 of this Complaint as if set forth fully herein.

24.

Defendants failed to compensate properly Plaintiff for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

25.

Upon information and belief, Defendants failed to keep all records required

by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

26.

Defendants acted willfully in failing to pay the overtime compensation required by the FLSA to Plaintiff.

27.

Plaintiff is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Plaintiff a jury trial;

B. Award Plaintiff damages, including liquidated damages, in an amount to be proven at trial for Defendants' willful violation of the Fair Labor Standards Act in unlawfully failing to pay him overtime wages;

D. Award Plaintiff attorneys' fees and costs in bringing this action; and

E. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 11th day of January, 2017.

                                              <u>s/Logan B. Winkles</u>
                                              Logan B. Winkles
                                              Georgia Bar No. 136906
                                              CANNON, MIHILL & WINKLES, LLC
                                              101 Marietta Street, NW
                                              Suite 3120
                                              Atlanta, Georgia 30303
                                              T: (404) 891-6700
                                              F: (404) 891-6701
                                              lwinkles@cmw-law.com